# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GREGORY MATHIS,** | : | **CIVIL NO. 1:18-CV-395** |
| **Petitioner** | : | **(Chief Judge Conner)** |
| v. | : | |
| **WARDEN BALTAZAR,** | : | |
| **Respondent** | : | |

## **MEMORANDUM**

Presently before the court is a petition for writ of habeas corpus (Doc. 1) pursuant to 28 U.S.C. § 2241 filed by petitioner Gregory Mathis ("Mathis"), a federal inmate incarcerated at the United States Penitentiary at Canaan, in Waymart, Pennsylvania. Mathis challenges a sentence imposed by the United States District Court for the Eastern District of Michigan for the crimes of aiding and abetting robbery of mail by use of a dangerous weapon, in violation of 18 U.S.C. § 2114, and aiding and abetting possession of stolen mail, in violation of 18 U.S.C. § 1708. (Id.) Mathis claims that his federal sentence was based on an incorrect criminal history score, and requests that the court correct his alleged inaccurate criminal history score. (Id.)

Preliminary review of the petition has been undertaken, see R. GOVERNING § 2254 CASES R.4,[1] and, for the reasons set forth below, the petition will be dismissed for lack of jurisdiction.

I.  **Background**

On February 26, 2009, a jury convicted Mathis of aiding and abetting robbery of mail by use of a dangerous weapon, in violation of 18 U.S.C. § 2114, and aiding and abetting possession of stolen mail, in violation of 18 U.S.C. § 1708. United States v. Mathis, No. 5:08-cr-20602 (E.D. Mich. 2008). The district court sentenced Mathis to 150 months of imprisonment on count one and sixty months on count two, to be served concurrently, followed by three years of supervised release. Id. The district court also ordered restitution in the amount of $10,045.75. Id.

Mathis appealed his conviction to the Sixth Circuit Court of Appeals. United States v. Mathis, No. 09-1811 (6th Cir. 2010). On July 26, 2011, the Sixth Circuit affirmed the district court's judgment and sentence, and found as follows:

> Sufficient evidence exists to support a conviction if, "viewing the evidence in the light most favorable to the government, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." [United States v. Davis, 577 F.3d 660 (6th Cir. 2009)] at 671 (quoting United States v. Carmichael, 232 F.3d 510, 519 (6th Cir. 2000)). The government presented sufficient evidence for a reasonable juror to find Mathis guilty of the charged offenses, including testimony from Kirk Countryman, a co-defendant who pleaded guilty, that he and Mathis came up with the idea to rob a postal carrier in order to obtain social security checks and cash them; that Mathis stole a car in preparation for the robbery and drove the car

---

[1] Rule 4 provides "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." See R. GOVERNING § 2254 CASES R.4. These rules are applicable to petitions under 28 U.S.C. § 2241 in the discretion of the court. Id. at R.1(b).

2

to the location where the robbery took place; that Mathis was aware that one of the other participants was carrying a firearm; and that, after the robbery, he and Mathis, along with several other individuals, sorted through the mail, pulled out the checks, disposed of the rest of the mail, and then set about trying to cash the checks.

Counsel also concludes that there are no arguable issues with regard to Mathis's sentence. We review sentences for reasonableness, which has both a procedural and a substantive component. United States v. Gapinski, 561 F.3d 467, 473 (6th Cir. 2009); see Gall v. United States, 552 U.S. 38, 51 (2007). To determine whether a sentence is procedurally reasonable, we "ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Gall, 552 U.S. at 51. If the district court's sentencing decision is procedurally sound, we "consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." Id.

The presentence report, which the district court adopted without objection from either party, properly calculated Mathis's total offense level as 28 and his criminal history category as VI, resulting in a guidelines range of 140 to 175 months. We note that, although a number of Mathis's prior offenses were committed when he was under the age of eighteen, the district court properly assigned points for these offenses because commitment to a juvenile facility or the custody of the state constitutes "imprisonment" for purposes of calculating a defendant's criminal history. United States v. Thompson, 586 F.3d 1035, 1039 (6th Cir. 2009); United States v. Kirby, 893 F.2d 867, 868 (6th Cir. 1990). The district court also gave an adequate explanation of its selected sentence. Accordingly, the district court's sentencing decision was procedurally sound, and we see nothing in the record to rebut the presumption of substantive reasonableness that attaches to his within-guidelines sentence. See United States v. Vonner, 516 F.3d 382, 389 (6th Cir. 2008) (en banc).

United States v. Mathis, No. 09-1811 (6th Cir. 2010) at (Doc. 65-1 at 2-3).

Mathis filed the instant petition pursuant to 28 U.S.C. § 2241 on the ground that the probation officer incorrectly applied criminal history points when

3

preparing his pre-sentence report, resulting in an incorrect sentence. (Doc. 1). For relief, Mathis seeks release from custody and requests that the court correct his criminal history score. (Id. at 16; Doc. 1-1 at 8).

## II. Discussion

Challenges to the legality of federal convictions or sentences that are allegedly in violation of the Constitution may generally be brought only in the district of sentencing pursuant to 28 U.S.C. § 2255. Okereke v. United States, 307 F.3d 117 (3d Cir. 2002) (citing Davis v. United States, 417 U.S. 333, 342 (1974)); see In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997). Once relief is sought via section 2255, an individual is prohibited from filing a second or subsequent 2255 petition unless the request for relief is based on "newly discovered evidence" or a "new rule of constitutional law." 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(3)(A).

Review of a petition filed pursuant to 28 U.S.C. § 2241 is limited to circumstances where the remedy available under section 2255 is inadequate or ineffective to test the legality of detention. See 28 U.S.C. § 2255(e); OKereke, 307 F.3d at 120 (explaining that this exception is extremely narrow). Section 2255 may be inadequate or ineffective when a federal prisoner is in an unusual position of having no earlier opportunity to challenge his conviction or where he "is being detained for conduct that has subsequently been rendered noncriminal by an intervening Supreme Court decision." Dorsainvil, 119 F.3d at 251-52. Conversely, "[s]ection 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended

4

§ 2255." Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002) (citations omitted); see also United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000); Dorsainvil, 119 F.3d at 251. "If a prisoner attempts to challenge his conviction or sentence under 28 U.S.C. § 2241, the habeas petition must be dismissed for lack of jurisdiction." Id., citing Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971) ("Section 2255 has made the sentencing court the exclusive forum for challenge to the validity of a conviction and sentence."). See also United States v. Miller, 197 F.3d 644, 648 (3d Cir. 1999) (observing that "federal courts have long recognized that they have an obligation to look behind the label of a motion filed by a *pro se* inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework").

Mathis argues that he is entitled to habeas relief under § 2241 because he is not challenging his conviction, but rather his criminal history score, which was allegedly incorrect. Mathis is essentially seeking the correction of sentencing errors, and not the execution of his sentence. A § 2255 motion is the appropriate and exclusive mechanism for seeking federal judicial review to alter or amend a presentence report. See United States v. Ballard, 855 F.Supp.2d 406, 414 (E.D. Pa. 2012) (challenge to adverse information in presentence report must be pursued through a habeas motion under § 2255); Bowens v. United States, 2011 WL 5520531, *3 (M.D. Pa. Nov. 14, 2011), aff'd, 508 F. App'x 96 (3d Cir. 2013) ("Regardless of how Petitioner labels his pending PSR related claim, it clearly questions the legality of his federal sentence . . . [and must be pursued] by way of a motion pursuant to § 2255.").

5

Furthermore, sentencing enhancement challenges are insufficient to invoke § 2241. See Cradle, 290 F.3d 536, 538-39 (3d Cir. 2002). In Dorsainvil, the Third Circuit held that relief under § 2241 is permissible where a subsequent statutory interpretation renders a petitioner's conduct no longer criminal. Dorsainvil, 119 F.3d at 251-52; Okereke, 307 F.3d at 120 (holding that relief under § 2241 is available only in "rare situations" where the crime of conviction was later deemed non-criminal). Section 2241 is not available for intervening changes in the sentencing law. Id. "For example, we did not allow Okereke to proceed under § 2241 because his argument was based on 'Apprendi [which] dealt with sentencing and did not render . . . the crime for which Okereke was convicted, not criminal.' Id. at 120." United States v. Kenney, 391 F. App'x 169, 172 (3d Cir. 2010). Mathis does not allege that he is actually innocent of the crimes for which he was convicted; rather, he alleges that his sentence was improperly calculated based on an incorrect application of the United States Sentencing Guidelines. "[C]hallenges to the application of the Sentencing Guidelines are properly considered under § 2255." Savage v. Zickefoose, 446 F. App'x 524, 526 (3d Cir. 2011) (citing United States v. Eakman, 378 F.3d 294, 297 (3d Cir. 2004)). Therefore, the exception created in Dorsainvil is not applicable, and relief under § 2241 is not available. Okereke, 307 F.3d at 120-21 (holding that a petitioner is barred from proceeding under § 2241 because his argument was based on sentencing and did not render the crime he was

convicted of not criminal). Since Mathis has failed to show that 28 U.S.C. § 2255 is "inadequate or ineffective" to challenge his detention, the petition is subject to dismissal for lack of jurisdiction. See Savage, 446 F. App'x at 525-26 ("To the extent that [the petitioner] alleged that the sentencing court should have provided for concurrent federal and state sentences under U.S.S.G. §§ 5G1.3(b) and 5G1.3(c), the District Court properly dismissed his claims for lack of jurisdiction. . . . We agree with the District Court that [the petitioner's] situation is not the rare one rendering § 2255 inadequate or ineffective."); Smart v. Kirby, 436 F. App'x 64, 65-66 (3d Cir. 2011) (holding that the petitioner could not pursue his claim that his federal sentencing court violated U.S.S.G. § 5G1.3 in a § 2241 habeas petition, and finding that § 2255's savings clause did not apply).

## III. Conclusion

Based on the foregoing, the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 will be dismissed for lack of jurisdiction. Notably, dismissal will be without prejudice to Mathis' ability to take any action he deems appropriate under 28 U.S.C. § 2255.

An appropriate order follows.

      /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated:     April 16, 2018